This was an adjourned Case from the Superior Court of Daw for Fairfax county.
In the opinion of the Court, which was delivered by Judge White, the nature and circumstances of the Case are so fully explained, as to render it unnecessary to preface it with an additional statement.' It is as follows :
“The Plaintiff had neglected, from the year 1811, to the year 1819, inclusive of both years, and amounting in the whole to nine years, to enter with the Commissioner of the *land tax of Fairfax county, 854 acres of land, lying in that county. The Commissioner in pursuance of the 7th section of the 3d chapter of the Acts of 1813, now incorporated in the 15th section of ch. 183, of the Revised Laws, vol. 2, p. 20, proceeded to assess the taxes of that land for those years of delinquency, and charged the Plaintiff damages at the rate of 25 per centum per annum upon the tax assessed for each year of his delinquency.
To be relieved from those damages, the Plaintiff applied to the County Court, alleging, L That he ought not to be subjected to any penalty, because there was no proof that he had been called on by any Commissioner of the Revenue for a list of taxes ; and that his omission in this respect did not proceed from any fraudulent design. 2. That, at any rate, he ought to be relieved frdm the payment of $135 01, which excess, as he alleged, was produced by calculating 25 per cent, per annum on each year’s tax ; whereas the 25 per cent, ought to have been calculated on one year’s tax only, (a) The County Court *224 over-ruled his motion, with costs. To this order of the County Court, he procured a Supersedeas, by which the Case was removed into the Superior Court of Raw for the same county ; and that Court adjourned the following-questions to this ..Court, for. npvelty and difficulty :
1. Had the County Court jurisdiction of the motion on which the judgment in this Case was founded ?
2. Has this Court (that is the Superior Court,) jurisdiction of the Case upon the Supersedeas ?
3. Under the circumstances disclosed by the Bill of Exceptions, (stating that there was no proof of the Commissioner’s applying for a list of the taxes, &c.) was any penalty incurred by the Plaintiff ?
4. If any penalty was incurred, what was the amount ?
Upon a view of this record, and the various Statutes relating thereto, the Court is unanimously of opinion :
1. That the .County Court had jurisdiction of the Plaintiff’s said motion, (b)
*2. That the said Superior Court has jurisdiction of this Case upon the said Supersedeas, (c)
3. That, under the circumstances, as disclosed by the said Bill of Exceptions, a penalty was incurred in this case by the Plaintiff.
By the 2d section -of the 16th chapter of the Act of 1809-10, passed the Sth'day of February, 1810, it is made the duty of every landholder to enter his lands on the Commissioner’s books of that county in which the land lies, within 18 months after the passage of that Act, under the penalty of forfeiture. The aforesaid subsequent section of the Act of 1813, seems to have exchanged this penalty for a milder one. . '
4. That the amount of the penalty incurred is to be ascertained by calculating damages, at the rate of 25 per centum per annum, on the amount of each year’s taxes which had fallen due, up to the time when the entry had been made : which seems to have been the mode pursued by the Commissioner in calculating the damages in this case. All which is ordered to be certified to the said Superior Court.”

 The words of the Law are, “and as a penalty for the failure of the owner to enter such land on the Commissioner’s books, the Commissioner shall charge thereon damages at the rate of 25 per cent. *224 per annum on the amount of each year’s taxes, which shall have fallen due up to the time when the entry shall he made.”

 See section 28, of the same Law, giving any person aggrieved by any entry made in the Commissioner’s book, liberty to apply to the County Court.

 See 9th section of Circuit Court Law, and those Cases in Court of Appeals, affirming jurisdiction of Superior Courts over orders made in the County Court respecting maintenance of Bastards, &c. Such as Mann v. The Commonwealth, 6 Munf. 452.